UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 08-344-KSF

CRYSTAL FUSON                                                                                          PLAINTIFF

v.                                        **OPINION & ORDER**

MICHAEL ASTRUE,
Commissioner of Social Security                                                                DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \*

The plaintiff, Crystal Iona Fuson, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying her claim for Supplemental Security Income ("SSI") based on disability. The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence and decided by the proper legal standards.

**I.      OVERVIEW OF THE PROCESS**

In determining whether a claimant has a compensable disability under the Social Security Act, the regulations provide a five-step sequential evaluation process which the administrative law judge must follow. 20 C.F.R. § 404.1520(a)-(e); *see Walters v. Commissioner of Social Security*, 127 F.3d 525, 529 (6th Cir. 1997). The five steps, in summary, are as follows:

   (1)   If the claimant is currently engaged in substantial gainful activity, she is not disabled.

   (2)   If the claimant is not doing substantial gainful activity, her impairment must be severe before she can be found disabled.

   (3)   If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous

> period of at least twelve months, and her impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.
>
> (4) If the claimant's impairment does not prevent her from doing past relevant work, she is not disabled.
>
> (5) Even if the claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that accommodates her residual functional capacity and vocational factors (age, education, skills, etc), she is not disabled.

*Id.* The burden of proof is on the claimant throughout the first four steps of this process to prove that she is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146, n. 5 (1987). If the administrative law judge reaches the fifth step without a finding that the claimant is not disabled, then the burden shifts to the Commissioner to consider her residual functional capacity, age, education, and past work experience to determine if she could perform other work. If not, she would be deemed disabled. 20 C.F.R. § 404.1520(f). Importantly, the Commissioner only has the burden of proof on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her v. Commissioner of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999).

The decision of the Commissioner must be supported by substantial evidence. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779 (6th Cir. 1987). Once the decision of the Commissioner is final, an appeal may be taken to the United States District Court pursuant to 42 U.S.C. § 405(g). Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to the proper legal standards. *See Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* In

reviewing the decision of the Commissioner, courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, the court must affirm the Commissioner's decision so long as it is supported by substantial evidence, even if the court might have decided the case differently. *See Her*, 203 F.3d at 389-90. However, the court must review the record as a whole, and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

## II.     THE ADMINISTRATIVE DECISION

Fuson filed her claim for SSI benefits on May 4, 2004 [TR 54]. The ALJ conducted a hearing on November 4, 2005, and issued his opinion denying Fuson's application for SSI benefits on January 10, 2006 [TR 504, 23]. The Appeals Council denied review by order dated June 24, 2006 [TR 5]. Fuson appealed the administrative decision to this Court pursuant to 42 U.S.C. § 405(g). By Order and Judgment dated June 19, 2007, the Court entered summary judgment in favor of Fuson and remanded her claim to the Commissioner for further administrative consideration pursuant to Sentence Four of § 405(g). *See* London Civil Action No. 06-342-GWU. Specifically, the Court remanded this matter so that the ALJ could specifically address opinions and assessments from two of Fuson's treating physicians.

On remand, the ALJ conducted a second hearing on January 9, 2008 [TR 708]. Subsequently, on February 14, 2008, the ALJ issued an unfavorable opinion again denying Fuson's claim for benefits [TR 547]. The Appeals Council declined to assume jurisdiction over this matter, and Fuson then filed this action pursuant to § 405(g) for review.

At the time of the ALJ's 2008 decision, Fuson was 26 years old [TR 17]. She has completed ten years of school and has earned her GED. Fuson has very limited previous work experience. She

claims that she became disabled on January 2, 2003 from a combination of severe impairments including back and leg pain, nerves, high blood pressure and headaches [TR 54, 61].

The ALJ began his analysis at step one of the sequential evaluation process by determining that Fuson was not engaged in any substantial gainful employment since the date of her application [TR 552]. Although the ALJ did find that Fuson had severe impairments of an anxiety disorder and residuals of an L4-5 discectomy and fuson, he determined that these severe impairments do not meet or medically equal a listed impairment contained in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ did, however, find that Fuson had the residual functional capacity ("RFC") to perform a restricted range of light and sedentary work. Specifically, the ALJ found that Fuson can perform light work that affords an option to sit/stand in 30 minute intervals; involves no crawling or climbing of ladders, rope and scaffolds; requires no more than occasional bending, crouching or climbing of ramps and stairs; and does not involve exposure to temperature extremes, unprotected heights or hazardous machinery. The ALJ further limited Fuson to work that requires her to perform no more than simple instructions and involves no more than occasional, casual contact with supervisors and coworkers; she must avoid contact with the general public and must avoid highly stressful work such as production rate or quota-type work. [TR 559].

Inasmuch as Fuson has no past relevant work, the burden then shifted to the Commissioner to show that other work exists in the national economy that she could perform. The Commissioner relied on the testimony of a vocational expert who testified at the hearing that Fuson could be expected to make a vocational adjustment to work that exists in significant numbers in the national economy that accommodates her residual functional capacity and vocational factors [TR 564]. The ALJ's decision that Fuson is not disabled became the final decision of the Commissioner when the

Appeals Commission subsequently denied her request for review on August 29, 2008. [TR 536]. This case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

**III.    ANALYSIS**

This case was remanded by the Court so that the ALJ could specifically address opinions and assessments from two of Fuson's treating physicians - Dr. Amr El-Naggar, a neurosurgeon, and Dr. Susan Petrosky. Generally, the ALJ should give controlling weight to a disability opinion by a treating physician if it is well-supported by clinical and laboratory findings and is consistent with other evidence. The ALJ may consider the length and nature of the treating relationship, the supportability of the opinion, consistency, specialization, and any other factors that may be appropriate. *See* 20 C.F.R. § 416.927(d)(2)(2007). The supportability of the opinion depends on the degree to which the source presents relevant evidence to support the opinion, particularly medical signs and laboratory findings. *See* 20 C.F.R. § 416.927(d)(3)(2007); *see also Sizemore v. Secretary of Health and Human Services*, 865 F.2d 709, 711-712 (6th Cir. 1988). The Sixth Circuit has held that a treating physician's opinion may be "undercut, to a degree, by the absence of underlying objective findings or corroborative clinical evidence." *Sias v. Secretary of Health and Human Services*, 861 F.2d 475, 479 (6th Cir. 1988).

In developing Fuson's RFC, the ALJ rejected, in part, the opinions of Dr. El-Naggar and Dr. Petrosky. With respect to Dr. El-Naggar, the ALJ noted that his 2005 medical source statement was completed more than seven months after he last treated Fuson. The last treatment notes from Dr. El-Naggar indicate that Fuson was doing very well after her back surgery. He opined that Fuson could lift 20 pounds continuously and up to 50 pounds frequently, contradicting Fuson's own statement that she could not lift even a small child. With respect to Dr. Petrosky, the ALJ noted that

her restrictions were inconsistent with her long record of treatment, including unremarkable physical examinations and a benign MRI of November 2006. Although both Dr. El-Naggar and Dr. Petrosky opined that Fuson's symptoms would interfere with her ability to complete an 8 hour workday, the ALJ noted that neither physician specified the degree of interference or cited specific objective findings to support these opinions as required by Social Security Ruling 96-2p. Finally, the ALJ pointed to the September 2007 consultative examination by Dr. Fritzhand, and the state agency opinions, as evidence in support of his RFC.

Based on the above evidence and the state of the record, this Court must determine whether the ALJ gave appropriate weight to the opinions of Dr. El-Naggar and Dr. Petrosky. According to the Sixth Circuit, the ALJ is not required to give controlling weight to the opinion of a treating physician when the opinion is not supported by objective medical evidence or when it is inconsistent with the record - provided that the ALJ gives "good reasons" in his decision for not crediting the opinion. *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 544 (6th Cir. 2004); *see also* 20 C.F.R. § 404.1527(d)(2).

When there are variances in the medical opinions in the administrative record, it is the duty of the ALJ to resolve these conflicts in evidence and assess the claimant's residual functional capacity. *See* 20 C.F.R. §§ 416.927(e), 416.946. The ALJ must consider not only the medical opinions, but also the other evidence presented. *Id.* The ALJ appropriately considered the findings of Dr. El-Naggar and Dr. Petrosky. He examined the medical record and pointed to discrepancies between the treating physicians' opinions and their own medical records, and other objective medical information in the record. The ALJ also gave good reasons for not fully accepting these treating doctors' opinions. The ALJ did, however, adopt the sit/stand option as well as postural and

6

environmental limitations recommended by these treating physicians. For these reasons, the ALJ did not err in failing to give controlling weight to the opinions of Dr. El-Naggar and Dr. Petrosky.

IV.     CONCLUSION

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby ORDERS as follows:

(1)     the plaintiff's motion for leave to file excess pages [DE #12] is **GRANTED**

(2)     the plaintiff's motion for summary judgment [DE #13] is **DENIED**;

(3)     the Commissioner's motion for summary judgment [DE # 14] is **GRANTED**;

(4)     the decision of the Commissioner is **AFFIRMED** pursuant to sentence 4 of 42 U.S.C. § 405(g) as it was supported by substantial evidence and decided by the proper legal standards; and

(4)     a judgment will be entered contemporaneously with this Opinion and Order.

This July 28, 2009.



Signed By:
*Karl S. Forester* KSF
United States Senior Judge